**No. 46018.**—Protest 984930–G of Picker Lenz Importers, Inc. (San Francisco).

Keefe, Judge: This suit involves the duty assessed upon 31 pipes of port and muscatel wine and also the rate used in computing the internal revenue tax thereon. The merchandise was entered at San Francisco for warehouse and for transportation to Denver, Colo. The collector at San Francisco assessed duty under the provisions of paragraph 804, Tariff Act of 1930, at the rate of $1.25 per wine gallon upon the basis of the 4,343.36 gallons. Internal revenue tax was assessed thereon at the rate of 20 cents per gallon under the provisions of section 1300, 26 U. S. C. A.

The importer claims: First, that customs duties and internal revenue taxes were assessed on too large a quantity of wine and, second, that the proper rate at which internal revenue tax should have been assessed was 10 cents per wine gallon rather than 20 cents.

At the trial two witnesses testified for the plaintiff. First, the customs inspector who signed the certificate of gauge testified that he gauged the wine and found a net total quantity in the 31 pipes of 4,215 gallons. He further testified that there had been a considerable leakage of the wine upon the docks but that he could not state when the leakage occurred. The second witness, a Government chemist, testified that he had found by analysis that the percentage of alcohol by volume found for the port wine was 18.2 and for the muscatel 18.7.

The plaintiff contends: First, that customs duty should be assessed on the quantity found by the official gauge and; second, that internal revenue taxes are assessed only on the number of gallons actually withdrawn from warehouse and; third, that under the law at the time of entry of this merchandise the internal revenue rate to be used was 10 cents per gallon rather than 20 cents per gallon.

The Government contends that the plaintiff has failed to establish that an allowance in duties should have been made by the collector by reason of breakage, leakage, or damages under paragraph 813, Tariff Act of 1930, and has failed to establish that the requirements of the statute entitling an allowance for leakage have been met. It is further contended that the plaintiff has failed to establish that the merchandise was withdrawn from warehouse and therefore as the internal revenue tax attached to the merchandise at the time of withdrawal the court is precluded from finding that the internal revenue tax was illegally exacted.

The entry papers disclose the following facts, to wit, that the shipment consisted of 21 pipes of port wine containing 2,926.42 gallons and 10 pipes of muscatel wine containing 1,416.94 gallons, a total of 4,343.36 gallons. The port wine was entered as 21 pipes each containing 140 gallons, with alcoholic content of 20 per-

cent, total 2,940 gallons, and as 10 pipes each containing 142.5 gallons, with alcoholic content of less than 21 percent, total 1,425 gallons. .The report of the gauge made by the customs inspector discloses that the capacity of the 31 pipes of wine was 4,430 gallons, that the outage was 215 gallons and that the net quantity of wine contained in the pipes was 4,215 gallons. The collector in liquidating the entry apparently disregarded the gauge reported by the customs inspector as well as the entered quantity and accepted the invoiced net quantity of wine as the basis for his assessment of duties at $1.25 per gallon. Internal revenue tax was also assessed at 20 cents per gallon upon the invoiced quantity. The entry papers fail to show that the duties or internal revenue taxes assessed have been paid, or that there have been any withdrawals from warehouse.

Paragraph 813, Tariff Act of 1930, prohibits any allowance for leakage on wines except under certain specified conditions where a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents amounting to 10 per centum or more of the total value of the contents of such cask or package in its condition as exported has been lost. Paragraph 813 is not applicable to the wine contained in the pipes in question in view of the fact that the record fails to show any injury thereof in transit from a foreign port.

Article 817, Customs Regulations of 1931, provides in part as follows:

(c) *Outages* not·within the scope of the preceding subdivisions of this article by reason of being under 10 percent or not being the kind of loss provided in the law, or by failure to file timely affidavit, *will be subject to an allowance of 2½ percent for normal outage from the capacity as shown by the gauger's return or the invoice quantity, according to the circumstances.* [Italics not quoted.]

The capacity of the 21 pipes as established by the return of the gauger is 4,430 gallons. The normal outage from such capacity of 2½ percent amounts to 110.75 gallons, leaving the amount of wine upon which duty should have been assessed as 4,319.75 gallons, rather than 4,343.36 gallons. See *Canadian Bank of Commerce v. United States*, T. D. 49519. The protest is therefore sustained to the extent indicated.

In respect to the assessment of internal revenue tax, we find that the wines in question were imported and entered on June 29, 1936, 3 days after the passage of the Liquor Tax Administration Act of June 26, 1936, wherein it was provided in section 319 (c) that:

So much of section 611 of the Revenue Act of 1918, as amended (relating to the tax on still wines) U. S. C. 1934 ed., title 26, sec. 1300 (a) (1), as reads: * * *

On wines containing more than 14 per centum and not exceeding 21 per centum of absolute alcohol, 20 cents per wine gallon;

\*        ·  \*              \*              \*              \*          ,  \*              \*

is amended to read as follows:

On wines containing more than 14 per centum and not exceeding 21 per centum of absolute alcohol, 10 cents per wine-gallon;

\*        \*        \*        \*        \*,        \*        \*

However, title 1300 (a) provides that such tax shall be levied, collected, and paid when still wines are sold, or removed for consumption or sale and under the regulations then in force the quantity withdrawn is to be determined on the basis of the original customs gauge. From a careful consideration of the evidence before us we fail to find any record of the withdrawal of the wine in question from customs custody or anything to establish that the tax in question has been paid. We are therefore constrained to enter judgment in favor of the Government in respect to the internal revenue tax.

Judgment will accordingly be entered in favor of the plaintiff directing the collector of customs to reliquidate the entry assessing customs duty upon the wine in question upon the basis of the capacity of the pipes less 2½ percent for outage at the rate of $1.25 per wine gallon under paragraph 804. In all other respects the protest is overruled.